[ PHILADELPHIA, MAY 2D, 1840. ]

## WEYERBACH *against* WEYERBACH.

### IN ERROR.

A testator devised to his son H. in fee, all his land in Springfield township, subject to the *payment and privileges thereinafter set forth.* He then gave certain horses &c. to his two sons, H. and P.: then ordered his cattle, furniture, &c. to be sold, and gave the proceeds to his six children equally. He then gave various pecuniary legacies to his five children, excepting H., amounting altogether to £1272 12s. 3d. The will then proceeded: " I will and order that my son H. do pay all the foregoing legacies to his brothers and sisters in consequence of his having my whole real estate; in the following manner," viz. at certain periods: he then gave to his wife the use of a room in his house, and certain furniture and provisions to be annually furnished by his son H., and proceeded as follows: " And I give and bequeath to her all my bees, and the interest of £200 a year during her natural life; which said £200 is to be and remain on my real estate during her life, and the interest to be paid to her by my said son Henry: and as there will remain the sum of £27 7s. 9d. of the value which my said son was to pay out of the land, after paying the above legacies, I will and order shall go with the residue and remainder of my estate not herein devised, to be equally divided between my sons and daughters, share and share alike, after the decease of my said wife." *Held,* that the £200, the interest of which was payable to the widow, did not form part of the residue, and was not divisible among the children on the death of the widow.

ERROR to the Common Pleas of Bucks.

In the Court below, Jacob Weyerbach brought an action against Henry Weyerbach, in which the following case was stated for the opinion of the Court.

(Weyerbach *v.* Weyerbach.)

" Isaac Weyerbach, by his last will and testament, dated the 20th of February, 1805, did devise and bequeath as follows, viz.

' Firstly. I give and bequeath unto my beloved wife Anna, all such of my household goods and kitchen furniture as she may want or have occasion for, for her own use forever.

Item. I give, devise and bequeath unto my son Henry Weyerbach, all my lands and plantation situate in Springfield township aforesaid, hereditaments and appurtenances thereunto belonging, to hold to him my said son Henry Weyerbach, and to his heirs and assigns forever, subject to the payment and privileges hereinafter set forth.

Item. I give and bequeath unto my son Henry, two of my horses, the same that he now calls his own.

Item. I give and bequeath unto my son Peter, two horses, the same which he now calls his own.

Item. I give and bequeath unto my two sons the said Henry and Peter, all my gears, ploughs, harrows, wagons, and all my farming utensils, to be equally divided between them share and share alike, according to an appraisement to be made of them after my decease.

Item. I will and order that all my stock of cattle, horses, and all my household goods and furniture not herein-before bequeathed, (except one cow to my dear wife Anna, which I bequeath to her for her own use forever,) shall be sold, and the money arising from said sale, after all the expenses of the administration and all debts are paid, shall be equally divided between all my six children, share and share alike, except two beds which I give to my two sons Henry and Peter, to each of them one bed.

Item. I give and bequeath unto my son Jacob Weyerbach, the sum of two hundred pounds, besides what I have already advanced to him.

Item. I give and bequeath unto my son Isaac Weyerbach, the sum of eighty-six pounds ten shillings, besides what I have already advanced to him.

Item. I give and bequeath unto my daughter Elizabeth Smell, wife of Michael Smell, the sum of two hundred and forty-three pounds two shillings and three pence, besides what I have already advanced to her.

Item. I give and bequeath unto my daughter Margaret Heipst, wife of Henry Heipst, the sum of two hundred and forty-three pounds, besides what I have already advanced to her.

Item. I give and bequeath unto my son Peter Weyerbach, the sum of five hundred pounds, besides what I have already advanced to him.

Item. I will and order that my said son Henry do pay all the foregoing legacies to his brothers and sisters in consequence of his having my whole real estate, in the following manner: the legacy to my son Peter, he shall pay at the expiration of one year next

after my decease; and the sum of seventy-five pounds a year to my daughter Margaret Heipst, and so in proportion till her legacy is paid; the first payment to be in two years after my decease: and in one year next after the time expires for the last payment of Margaret Heipst's legacy, the sum of seventy-five pounds a year to my son Jacob Weyerbach, and so in proportion till his whole legacy is paid; and in one year next after the time expires for the last payment to my son Jacob, the sum of eighty pounds ten shillings to my son Isaac Weyerbach; and in one year next after the time of payment to my said son Isaac, the sum of seventy-five pounds a year to the children of my daughter Elizabeth Smell till the whole of the legacy which I bequeathed her is paid to her said children; and the legacy which I herein-before bequeathed to my son Jacob I will and order shall be paid to my son Jacob's children, agreeably to the above payments.

And I will and order that my dear wife Anna shall have the back room in the new end of my house, for her own use; and to have the privilege of all and every part of my buildings that she may want; and to have her cow well kept summer and winter by my said son Henry; and he is likewise to find and provide for his said mother as much wood cut and split at her door suitable for her own use as she may have occasion for; and to give her her choice of his hogs when they are fit to kill; she to take one of them; and fifty pounds of good beef, and three bushels of wheat, and nine bushels of rye, and as much buckwheat and Indian corn meal as she may want; and the privilege of taking as many apples yearly and every year as long as she lives; and I give and bequeath to her all my bees and the interest of two hundred pounds a year during her natural life: which said two hundred pounds is to be and remain on my real estate during her life, and the interest to be paid to her by my said son Henry.   And as there will remain the sum of twenty seven pounds, seven shillings and nine pence of the value which my said son was to pay out of the lands after paying the above legacies, I will and order shall go with the residue and remainder of my estate not herein devised, to be equally divided between my sons and daughters, share and share alike after the decease of my said wife.'

The widow died in 1838.

The question for the opinion of the Court is, whether the defendant Henry Weyerbach is liable to pay the principal sum of two hundred pounds, (the interest of which was payable to his mother during life,) at the decease of his mother to the sons and daughters of the testator mentioned in said will.   If the Court shall be of opinion that he is so liable, then judgment to be entered for the plaintiff; but if not liable as aforesaid, then judgment for the defendant.   The case to be in the nature of a special verdict and subject

(Weyerbach *v.* Weyerbach.)

to a writ of error.   The inventory of the testator's estate to be considered in evidence in the above case."

The inventory contained (besides the stock of cattle, horses, household goods and furniture,) bonds and notes to the amount of about three hundred pounds.

The following is a statement of the legacies payable out of the land.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Jacob Weyerbach | - | - | - | - | - | - | £200  0  0 |
| Isaac Weyerbach | - | - | - | - | - | - | 86  10  0 |
| Elizabeth Smell | - | - | - | - | - | - | 243  2  3 |
| Margaret Heipst | - | - | - | - | - | - | 243  0  0 |
| Peter Weyerbach | - | - | - | - | - | - | 500  0  0 |
| | | | | | | | £1272  12  3 |
| Balance mentioned in will after paying above legacies | - | - | - | - | | | 27  7  9 |
| | | | | | | | £1300  0  0 |

The Court of Common Pleas gave judgment for the plaintiff in this case: whereupon the defendant took this writ of error.

Mr. *Ross,* for the plaintiffs in error, cited *Delamater's Estate,* (1 *Wharton's Rep.* 375.) *Jackson v. Robinson,* (1 *Yeates,* 102.) 1 *Wharton's Dig.* 771.   *Willes Rep.* 225.

Mr. *Chapman,* contra.

The opinion of the Court was delivered by

SERGEANT, J.—The testator by his will devises to his son Henry in fee, all his lands and plantation in Springfield township, subject to the payment and privileges thereinafter set forth.   He then bequeaths specific legacies of horses to Henry and to Peter, respectively, and to them equally his gears, ploughs and harrows and farming utensils. He then orders his stock of cattle, household goods and furniture (except a cow to his wife) to be sold, and the money, after paying the expenses of administration and all his debts, to be equally divided among his four children, except two beds to Henry and Peter. He then gave various pecuniary legacies to his four children, (excepting Henry) amounting altogether to twelve hundred and seventy-two pounds, twelve shillings and three pence.   He next orders Henry to pay these legacies at periods fixed in the will.   He then gives to his wife the back room in the house, and other provisions for her personal use, to be furnished by Henry, and his bees, and the interest of two hundred pound a year during her natural life, which is to remain on his real estate during her life, and the interest to be paid by Henry.   The testator then says, " as there

(Weyerbach *v.* Weyerbach.)

will remain the sum of twenty seven pounds, seven shillings and nine-pence," of the value which his said son was to pay out of the lands after paying the above legacies, he orders it shall go with the residue and remainder of his estate not therein devised, to be equally divided between his sons and daughters after the decease of his wife.

The wife is dead, and the plaintiff, one of the four, claims his portion of this two hundred pounds, contending that the defendant Henry is bound to pay the principal sum among the children, now that the wife is deceased. There seems however to be no ground in the will for holding that this sum was to be paid over by the defendant, or that he was chargeable with the interest of it longer than during the life of the widow. It is only to the widow that the benefit of it is given: it is not given after her death: and there is nothing from which it can be plainly concluded that it was the intention of the testator it should be chargeable afterwards. If it appeared by the will what was the sum Henry was to pay for the land, we might then argue as to the intention of the testator on the subject. But of this we know nothing more than that £27 7s. 9d. remained after adding up the legacies. We are unable to say whether the testator comprehended the two hundred pounds in the sum referred to, or not. Then it will not pass as "the residue and remainder not therein devised;" because the two hundred pounds does not appear to be a part of the testator's estate, but is a charge on Henry for the widow's life. Besides which, the words 'residue and remainder' would be satisfied by bonds and notes to the value of three hundred pounds, not mentioned in the will. On the whole, we see nothing but conjecture to go upon in holding the defendant liable, and that conjecture of an obscure and doubtful kind. To entitle a claimant to a legacy it must be granted by express words, or by probable implication.

　　　Judgment for the plaintiff below reversed; and judgment for
　　　　the defendant below.